IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EARL MARSHALL SMITH, JR., )
)
   Plaintiff, )
)
v. ) No. 06 C 2888
)
SERGEANT GERALD ALTER, et al., )
)
   Defendants. )

## MEMORANDUM ORDER

Earl Marshall Smith, Jr. ("Smith") has tendered a self-prepared[1] 42 U.S.C. §1983 ("Section 1983") Complaint against a half-dozen defendants affiliated with the Lake County Jail, where Smith is now in custody. This memorandum order is issued sua sponte to address the matters raised by Smith's Complaint and by his Application To Proceed Without Prepayment of Fees ("Application"), which has also utilized a Clerk-provided form and has been submitted with the Complaint.

To begin with the latter, it does not appear that Smith really seeks in forma pauperis status (he has expressed doubt in that respect) because his trust fund account at the Jail contains more than enough funds to pay the $350 filing fee. Although a letter that Smith has sent to the Clerk's Office together with his other papers mistakenly refers to a $250 fee, obviously

---

[1] "Self-prepared" is used in the sense that Smith (1) has utilized a printed form provided by this District Court's Clerk's Office for use by persons in custody and (2) has completed the form with handwritten insertions.

because Smith is unaware of the $100 fee increase that took effect April 9 of this year, one of the documents that he has submitted shows that the May 15, 2006 balance in that account was just over $7,500. That is unsurprising in light of his statement in Application ¶3(c) that he receives $2,600 monthly from the Veterans Administration.

Yet as Smith says in his letter referred to in the preceding paragraph, the Jail's personnel have (for some unexplained reason) refused to allow him to prepay the fee, instead requiring an order from this Court to deduct the amount from his account. This Court so orders, and a copy of this memorandum order is being sent to the Jail with instructions to remit the sum of $350, payable to the Clerk, U.S. District Court, referring to this Case No. 06 C 2888 and addressed to:

> Clerk, U.S. District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Because Smith has thus shown himself unqualified for in forma pauperis treatment, the Application is denied. And that being so, the provision of Fed. R. Civ. P. ("Rule") 4(c)(2) for service of process by the United States Marshals Service is inapplicable. Accordingly Smith is advised that the same Rule authorizes service of process to be made by anyone who is at least 18 years of age, and if he advises whom he has designated

2

to effect service on each of the six named defendants, the extra copies of the Complaint that Smith has supplied will be made available for that purpose. This Court is also sending Smith a copy of Rule 4 for his information, and it is strongly recommended that he review its provisions with care.

As for the merits of Smith's Complaint, it should first be noted that he claims to have exhausted all administrative remedies, as is required by 42 U.S.C. §1997e(a) as a precondition to filing suit. Although his handwritten response does not make that entirely clear, because he relies primarily on the failure of Jail officials to respond to his several filled-out grievances, this Court will accept Smith's representations for present purposes. If any defendant were to claim otherwise, that would have to be done by bringing a timely motion in an appropriate manner.

To turn to the substantive terms of the Complaint, 28 U.S.C. §1915A(a) requires this Court to engage in a preliminary screening to see whether grounds for dismissal pursuant to 28 U.S.C. §1915A(b) do or do not exist on the face of the Complaint. This Court has done so, and it finds that the Complaint clearly surpasses that threshold as to Sergeant Gerald Alter, and it may well do so as to one or more of the other named defendants. That being so, no dismissal will now be ordered, although this finding is without prejudice to the right of any defendants to seek

3

dismissal from this action after they have been duly served.

                                                               */s/ Milton I. Shadur*
                                                              Milton I. Shadur
                                                              Senior United States District Judge

Date: June 5, 2006

# RULES OF CIVIL PROCEDURE
## FOR THE
## UNITED STATES DISTRICT COURTS[1]

Effective September 16, 1938, as amended to December 31, 2004

## I. SCOPE OF RULES—ONE FORM OF ACTION

### Rule 1. Scope and Purpose of Rules

These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Apr. 22, 1993, eff. Dec. 1, 1993.)

### Rule 2. One Form of Action

There shall be one form of action to be known as "civil action."

## II. COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

### Rule 3. Commencement of Action

A civil action is commenced by filing a complaint with the court.

### Rule 4. Summons

(a) FORM. The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

(b) ISSUANCE. Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

(c) SERVICE WITH COMPLAINT; BY WHOM MADE.

   (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a sum-

---

[1] Title amended December 29, 1948, effective October 20, 1949.

mons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915 or is authorized to proceed as a seaman under 28 U.S.C. §1916.

(d) WAIVER OF SERVICE; DUTY TO SAVE COSTS OF SERVICE; REQUEST TO WAIVE.

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;

(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which the request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that

date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

(e) SERVICE UPON INDIVIDUALS WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(f) SERVICE UPON INDIVIDUALS IN A FOREIGN COUNTRY. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

(g) SERVICE UPON INFANTS AND INCOMPETENT PERSONS. Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the court may direct.

(h) SERVICE UPON CORPORATIONS AND ASSOCIATIONS. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

>(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

>(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

(i) SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

>(1) Service upon the United States shall be effected

>>(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

>>(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

>>(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

>(2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States—whether or not the officer or employee is sued also in an official capacity—is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

(3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

(B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

(j) SERVICE UPON FOREIGN, STATE, OR LOCAL GOVERNMENTS.

(1) Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.

(2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

(1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or

(C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or

(D) when authorized by a statute of the United States.

(2) If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

(*l*) PROOF OF SERVICE. If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. Proof of service in a place not within any judicial district of the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and

shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court. Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended.

(m) TIME LIMIT FOR SERVICE. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

(n) SEIZURE OF PROPERTY; SERVICE OF SUMMONS NOT FEASIBLE.

(1) If a statute of the United States so provides, the court may assert jurisdiction over property. Notice to claimants of the property shall then be sent in the manner provided by the statute or by service of a summons under this rule.

(2) Upon a showing that personal jurisdiction over a defendant cannot, in the district where the action is brought, be obtained with reasonable efforts by service of summons in any manner authorized by this rule, the court may assert jurisdiction over any of the defendant's assets found within the district by seizing the assets under the circumstances and in the manner provided by the law of the state in which the district court is located.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Jan. 12, 1983, eff. Feb. 26, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000.)

### Rule 4.1. Service of Other Process

(a) GENERALLY. Process other than a summons as provided in Rule 4 or subpoena as provided in Rule 45 shall be served by a United States marshal, a deputy United States marshal, or a person specially appointed for that purpose, who shall make proof of service as provided in Rule 4(*l*). The process may be served anywhere within the territorial limits of the state in which the district court is located, and, when authorized by a statute of the United States, beyond the territorial limits of that state.

(b) ENFORCEMENT OF ORDERS: COMMITMENT FOR CIVIL CONTEMPT. An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

(As added Apr. 22, 1993, eff. Dec. 1, 1993.)

### Rule 5. Service and Filing of Pleadings and Other Papers

(a) SERVICE: WHEN REQUIRED. Except as otherwise provided in these rules, every order required by its terms to be served, every