IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EARL MARSHALL SMITH, JR., )
)
        Plaintiff, )
)
v. ) No. 06 C 2888
)
SERGEANT GERALD ALTER, et al., )
)
        Defendants. )

MEMORANDUM ORDER

On June 6, 2005 this Court issued its sua sponte memorandum order ("Order") addressing several matters raised by the pro se 42 U.S.C. §1983 ("Section 1983") Complaint that had been brought by Earl Marshall Smith, Jr. ("Smith") against a half-dozen defendants affiliated with the Lake County Jail ("Jail"), where Smith is in custody. Based on Smith's accompanying Application To Proceed Without Prepayment of Fees ("Application"), which reflected that he did not qualify financially for in forma pauperis status, this Court denied the Application. When the $350 filing fee was then paid out of the very substantial existing balance in Smith's trust fund account at the Jail, so that this action could proceed, an initial status hearing date was scheduled for 8:45 a.m. today.

Just before that scheduled date, this Court obtained a printout of the case docket to determine whether Smith had obtained service of process on any of the defendants, a subject that had also been spelled out carefully in the Order. Not only

did that printout disclose that Smith has not done anything in that respect, but it also reflected Smith's having filed an August 2 letter (Dkt. No. 12) without sending the required copy to this Court. This Court accordingly obtained and read the letter, which set out an explanation of Smith's inability to hire a lawyer to represent him, in part because he had received a good many turndowns on that score and in part because all of his available funds were being expended to pay the retained lawyers in his criminal appeal.[1]

Based on Smith's most recent representations, this Court issues the following order:

    1. For obvious reasons, the August 18 status hearing date is vacated.

    2. This member of the trial bar is appointed to represent Smith here:

> Patrick H. O'Connor, Esq.
> Hartigan & Cuisinier, P.C.
> 222 North LaSalle Street, Suite 2150
> Chicago IL 60601
> 312.201.8880

If it were hereafter to develop that Smith can pay his appointed counsel from any source of funds available to him, this Court would be prepared to entertain a motion for his payment of fees rather than his being entitled to pro bono

---

[1] Smith's August 2 letter also reported that his criminal counsel had turned down the handling of this civil litigation as being outside of their area of practice.

2

representation.

3. In any event such appointment of counsel does not excuse Smith from the payment of any required fees for service of process on defendants, and his appointed counsel is expected to make the necessary arrangements to obtain whatever portion of the balance in Smith's trust fund account may be needed for that purpose.

4. As permitted by Fed. R. Civ. P. 4(m), this Court extends the 120-day time limit for service of process on defendants until further order of court.

This action is again set for a status hearing, this time at 9 a.m. October 10, 2006, at which time this Court expects Smith's appointed counsel and any defense counsel who are then in the case to attend.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 18, 2006