IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EARL MARSHALL SMITH, JR.,          )
                                   )
                Plaintiff,         )
                                   )
    v.                             )    No.  06 C 2888
                                   )
SERGEANT GERALD ALTER, et al.,     )
                                   )
                Defendants.        )

MEMORANDUM ORDER

To some extent this 42 U.S.C. §1983 ("Section 1983") action,

originally brought pro se by Earl Marshall Smith, Jr. ("Smith"),

has been snakebitten, because this Court's efforts to provide him

with pro bono counsel have not been fully successful.  Most

recently Smith's second appointed counsel, Bennett Kaplan, Esq.,

after having filed a well-drafted First Amended Complaint ("FAC")

to replace Smith's original pro se Complaint, was given leave to

withdraw for good cause shown, and this Court then obtained the

name of Julie Koerner, Esq. ("Koerner," another member of the

trial bar) to replace Kaplan in early May of this year.

What Smith has then done--quite without justification--is to

submit self-prepared handwritten assertions of inadequacy of

counsel on Koerner's part and copies of a complaint to the ARDC

on the same basis.  To have done so less than two weeks after

Koerner was brought into the case is of course totally

impermissible, and Smith is forewarned that any persistence in

such activity may result in this Court's revocation of the

Koerner appointment and the refusal to appoint still another

counsel for Smith, who would then have to go it alone.[1]

In the meantime, it is expected that Koerner will handle the

litigation in the regular course.  This action has been set for a

next status hearing at 9 a.m. July 13, 2007.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 5, 2007

---

[1]  Indeed, just as this memorandum order was being
transcribed this Court received another handwritten document that
Smith has directed both to Koerner and this Court, again
reflecting his obvious notion that he is entitled to manage his
own case as he thinks appropriate.  No such communication should
be directed to this Court--it is not overseeing Smith's
litigation by looking over his counsel's shoulder.  Appointment
of counsel carries with it a prohibition against the litigant's
further filing of pleadings or other documents on his own with
the Court unless the litigant wishes to discharge the appointed
counsel (in which case the court considers and rules on the
request, including the question whether another lawyer should be
appointed).