```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

EARL MARSHALL SMITH, JR.,           )
                                    )
                Plaintiff,          )
                                    )
     v.                             )     No.  06 C 2888
                                    )
SERGEANT GERALD R. ALTER, et al.,   )
                                    )
                Defendants.         )

<u>MEMORANDUM ORDER</u>

Appointed pro bono counsel Julie Koerner has noticed up for presentment on September 14 what she labels as "Motion for Court To Grant Payment of Deponent." That motion seeks to invoke 18 U.S.C. §3006A(e)(1) as the predicate for payment by the United States of the fees of Dr. Stephen Mutchnik, one of the treating physicians of indigent plaintiff Earl Marshall Smith, Jr., in connection with Dr. Mutchnik's scheduled October 22, 2009 deposition--fees at the modest rate of $500 per hour, with a two-hour minimum.

Because the motion is patently flawed in more than one respect, this memorandum order denies it without awaiting the scheduled presentment date. Only a brief explanation is needed.

First, as should have been obvious from the placement of the cited statute in Title 18 (the Title labeled "Crimes and Criminal Procedure") as well as from the statutory content, the Criminal Justice Act does not apply to civil actions such as this one. Hence attorney Koerner has looked to the wrong source in bringing

her motion.

Second, Title 28[1] (captioned "Judiciary and Judicial Procedure"), which does govern civil actions, limits <u>all</u> witnesses (except for those designated as expert witnesses under Fed. R. Civ. P. 26(b)(4)(C), which is inapplicable to Dr. Mutchnik)--including doctors--to the statutory attendance fee of $40 per day (see Section 1821(b)) plus specified travel expenses (see Section 1821(c)). That has been clear for more than two decades--see <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-45 (1987).

Hence Dr. Mutchnik must content himself with what common folk are entitled to receive when their depositions are taken. This Court of course expects him to honor the subpoena--a court order--even though his financial expectations may have been defeated. In any case, the motion is denied.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: September 3, 2009

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] This District Court maintains a fund, as part of its plan providing for services to indigent civil plaintiffs, so that appointed counsel may obtain reimbursement for appropriate out-of-pocket expenses. That, however, obviously does not extend to payments outside of the limits that Congress has prescribed.

2