IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EARL MARSHALL SMITH, JR.,           )
                                    )
             Plaintiff,             )
                                    )
     v.                             )    No. 06 C 2888
                                    )
DR. FATOKI, et al.,                 )
                                    )
             Defendants.            )

## MEMORANDUM ORDER

This Court has just received the chambers copy of a motion, scheduled for presentment on April 1 for sanctions against both plaintiff Earl Smith, Jr. ("Smith") and his appointed lawyer.[1] Although this Court is not of course ruling on that motion prematurely, its tone and content appear to call for what will be set out here.

As counsel for defendant Dr. Fatoki are well aware, one of the conditions of a lawyer's membership in this District Court's trial bar is his or her commitment to take on pro bono publico assignments. That obligation is often fraught with some peril--for example, this Court has been called upon with some frequency to address communications to the Attorney Registration

---

[1] Although that far-out setting is well beyond the time limit prescribed by this District Court's LR on the subject, the choice of that date is entirely understandable: This action's March trial date had to be postponed because the appointed counsel for Smith had been unable to confer with him before trial. Accordingly arrangements had to be made for Smith to be writted to the federal MCC from the state court prison where he is serving his sentence, and the status date had then been set for April 1 to discuss rescheduling the trial.

and Disciplinary Commission to explain that the conduct of a lawsuit before this Court indicates that a grievance letter from the client who is being furnished such free legal representation is the product of unrealistic expectations (or simply sour grapes) rather than being merits-related.[2]

This Court does not question that Dr. Fatoki views Smith's allegations of "deliberate indifference to his serious medical needs" as being without merit as a factual matter. But Dr. Fatoki--and perhps more improtantly, his counsel--should be aware that if Smith's version of events is different, so that a factfinding jury could be called on to make a credibility determination, the appointed lawyer's responsibility to her client is to advance the claim.

Once again this Court expresses no ultimate view on that issue, given the deferred presentment date designated for the motion. But it does seem that before Dr. Fatoki's counsel seek to sanction an unpaid pro bono counsel, they might take a figurative walk in her figurative moccasins.

_____
Milton I. Shadur
Date: March 7, 2011     Senior United States District Judge

---

[2] To coin a variant on a famous couplet from Shakespeare's King Lear:

> How sharper than a serpent's tooth it is
> To have a thankless client!